IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GILL CONSTRUCTION, INC., | ) |
| Plaintiff, | ) |
| vs. | ) No. 05-0608-CV-W-SOW |
| 18TH & VINE AUTHORITY, et al., | ) |
| Defendants. | ) |

ORDER

Before the Court are Separate Defendant White's Motion to Dismiss (Doc. #55), a Motion to Dismiss (Doc. #57) filed by defendants The 18th and Vine Authority, Leon Arnold, Beth K. Smith, Deron Cherry, Robert D. Firnhaber, and Joe Serviss, plaintiff Gill Construction Inc.'s Suggestions in Opposition, and defendant White's Reply. For the reasons stated below, the motions are granted.

I. Background

Separate defendant Michael T. White ("White") filed a Motion to Dismiss on April 17, 2006 pursuant to Federal Rules of Civil Procedure 12(b)(6) and (1). White suggests that the claims asserted against him in Counts I and III of plaintiff Gill Construction, Inc.'s ("Gill") Amended Complaint should be dismissed because the Amended Complaint fails to state a claim against White for a violation under 42 U.S.C. §1983. According to White, plaintiff Gill has not alleged a constitutional or federal statutory violation in either Count I or Count III and defendant White is not a state actor. Based upon plaintiff's failure to state a claim against White under 42 U.S.C. §1983, White concludes that this Court lacks subject matter jurisdiction over him and, therefore, he should be dismissed from this lawsuit.

White is a private citizen who voluntarily served on the Board of Directors for the 18th & Vine Authority (the "Authority"). Plaintiff Gill filed a lawsuit and obtained a judgment against the Authority when the Authority did not pay for construction work Gill performed.

In the case now before this Court, plaintiff has sued White personally, among others, to collect its judgment against the Authority. In Counts I and III of the Amended Complaint, plaintiff Gill alleges that it is entitled to relief under 42 U.S.C. §1983 and under the Missouri Uniform Fraudulent Transfer Act, Sections 428.005 et seq. Mo. Rev. Stat.

Defendants The 18th and Vine Authority, Leon Arnold, Beth K. Smith, Deron Cherry, Robert D. Firnhaber, and Joe Serviss move to dismiss plaintiff's claims against them by adopting the arguments asserted by defendant White.

## II. Standard

A party moving to dismiss for failure to state a claim has the burden of showing that a claim is legally insufficient. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 545 (8th Cir. 1997)(quoting Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The allegations in plaintiff Gill's Amended Complaint must be liberally construed in favor of Gill as "the facts alleged by [Gill] must be taken as true, and [Gill] is entitled to the benefit of all reasonable inferences in [its] favor that may be drawn from the alleged facts." Stifel, Nicholaus & Co. v. Dain, Kalman & Quail, Inc., 578 F.2d 1256, 1260 (8th Cir. 1978).

2

III. Discussion

A.  Plaintiff Gill's Failure to State a Section 1983 Claim

In Count III of the Amended Complaint, plaintiff Gill has alleged a violation of 42 U.S.C. §1983.  The substance of plaintiff Gill's claim is a violation of the Missouri Uniform Fraudulent Transfer Act, Sections 428.005 through 428.049, Mo. Rev. Stat.

In order to state a claim under 42 U.S.C. §1983, a plaintiff must allege (1) that defendant deprived him of a right secured by the Constitution or laws of the United States and (2) that the deprivation was committed by a person acting under color of state law.  42 U.S.C. §1983.  The allegation that White, and the other individual defendants, violated the Missouri Uniform Fraudulent Transfer Act does not satisfy the requirement that plaintiff Gill allege the deprivation of a right secured by the Constitution or laws of the United States.  Therefore, on its face, plaintiff Gill's Amended Complaint fails to state a claim under Section 1983 against White and the other individual defendants.  Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000).

Plaintiff Gill responds that the right is has been denied is "the right secured by the United States Constitution to fair and unfettered access to the state court civil legal process for execution and collection of the Gill Judgments."  Plaintiff has not been denied its right to access to any state court.  The alleged post-judgment transfer of assets from the Authority to defendant American Jazz Museum, Inc. did not deny plaintiff Gill any access to the state court.

In reality, plaintiff Gill has not been able to collect on its state court judgment; however, this does not mean that plaintiff has been denied access to the state court.  A denial of the right to access applies only when actual or meaningful access to the courts has been denied by some impediment put up by the defendant.  Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir.

3

2005). Plaintiff is only entitled to access, not to a particular result. *See* Alexander v. Macoubrie, 982 F.2d 307, 308 (8th Cir. 1992).

In addition, defendant White argues that he was not acting under color of state law. Even if White voted as a Board member, voting as a Board member for a not-for-profit organization does not qualify as state action for the purpose of invoking section 1983 jurisdiction. For purposes of Section 1983, "under color" of state law does not apply to private persons or entities. *See* Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982). A private party's conduct can only be state action when the conduct is "fairly attributable" to the state. Id. Plaintiff Gill has not alleged that White's conduct, or that of the other individual defendants, is "fairly attributable" to the state.

The sole basis for this Court's subject matter jurisdiction over White and the other individual defendants is under Count III, the alleged Section 1983 violation. Since this claim is legally defective, the Court lacks subject matter jurisdiction over White and the other individual defendants.

B.  Plaintiff Gill's Fraudulent Transfer Claim

Plaintiff Gill urges the Court to exercise pendent jurisdiction over its state law claims against White and the other individual defendants even if the Section 1983 claim against them is dismissed. Defendant White argues, however, that plaintiff Gill's Amended Complaint fails to state a claim against him for fraudulent transfer, Gill's only asserted state law claim against White. Section 428.039 of the Missouri Uniform Fraudulent Transfers Act "does not specifically provide for the ***personal liability*** of corporate directors or officers to creditors in the event of a fraudulent transfer." Drummond Company v. St. Louis Coke & Foundry Supply Co., 181

4

S.W.3d 99, 104 (Mo. Ct. App. 2005)(emphasis added).

As White cannot be held personally liable even if plaintiff successfully proves that a fraudulent transfer occurred, the relief plaintiff Gill requests from White is unavailable. Accordingly, Count I fails to state a claim against White and the other individual defendants.

IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that Separate Defendant White's Motion to Dismiss (Doc. #55) is granted. It is further

ORDERED that the Motion to Dismiss (Doc. #57) filed by defendants The 18th and Vine Authority, Leon Arnold, Beth K. Smith, Deron Cherry, Robert D. Firnhaber, and Joe Serviss is granted with respect to defendants Leon Arnold, Beth K. Smith, Deron Cherry, Robert D. Firnhaber, and Joe Serviss. It is further

ORDERED that the Motion to Dismiss (Doc. #57) is denied as to defendant The 18th and Vine Authority.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: May 24, 2006