IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GILL CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-0608-CV-W-SOW |
| | ) | |
| 18TH & VINE AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court are defendants Emanuel Cleaver II and Mary Williams-Neal's Motion for Summary Judgment (Doc. #92) and defendants' Suggestions in Support. It does not appear that plaintiff Gill filed suggestions in opposition to this motion nor has any reply been filed.

Defendants Emanuel Cleaver II and Mary Williams-Neal move for summary judgment on plaintiff's claims against them under 42 U.S.C. §1983 and the Missouri Fraudulent Transfer Act. These defendants argue that they cannot be held liable individually for actions by the collective board.

It is undisputed that defendant Cleaver was the Chairman of the 18th & Vine Authority Board of Directors in 2002. He later became the Chairman of the American Jazz Museum, Inc. Board of Directors. Defendant Williams-Neal was a member of the 18th & Vine Authority Board of Directors in 2002. She did not become a member of the American Jazz Museum, Inc. Board of Directors.

After plaintiff Gill obtained a verdict against the 18th & Vine Authority in June of 2002, the Board of Directors of the Authority decided that a new corporation needed to be formed to manage the 18th & Vine museum and related entities. The American Jazz Museum, Inc. was

created in July of 2002. Thereafter, a City of Kansas City, Missouri subsidy, previously allocated for the 18th & Vine Authority, was transferred to the American Jazz Museum, Inc. Similarly, all of the assets of the 18th & Vine Authority were transferred to the American Jazz Museum, Inc.

Pursuant to Section 537.117, Mo. Rev. Stat., an "officer or member of the governing body of en entity" is immune from civil damages so long as (1) the entity operates under the "standards of section 501( c) of the Internal Revenue Code;" (2) the individual is not compensated for his or her services to the entity; and (3) the alleged act was in the individual's "official capacity." The 18th & Vine Authority is a 501( c)(3) corporation. Neither defendant Cleaver nor defendant Williams-Neal were compensated for their service on the Board of Directors. Both were acting in their capacity as board members when the actions challenged by plaintiff Gill were approved by the Authority's Board of Directors. While plaintiff might be able to prove intentional conduct as an exception to the immunity rule, all of the challenged actions appear to have been taken by the Board. Board members are not individually liable for collective board actions. Plaster v. Lebanon Special Road District of LaClede County, 611 S.W.2d 560 (Mo. Ct. App. 1981). On this basis, the Court grants the motion for summary judgment filed by defendants Cleaver and Williams-Neal.

Accordingly, it is hereby

ORDERED that defendants Emanuel Cleaver II and Mary Williams-Neal's Motion for Summary Judgment (Doc. #92) is granted and defendants Cleaver and Williams-Neal are dismissed from these proceedings.

/s/Scott O. Wright  
SCOTT O. WRIGHT  
Senior United States District Judge

Dated: 10-3-06